# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERSOL L. HENRY and**
**TERRY J. LEWIS,**

        **Plaintiffs,**

  v.                                                                                 Case No.    04-C-0432

**MILWAUKEE COUNTY,**

        **Defendant.**

# DECISION AND ORDER

On May 25, 2006, the defendant in the above-captioned action filed a motion for default against the plaintiffs, Ersol L. Henry and Terri J. Lewis. This action is well-advanced: a final pre-trial conference call was held on May 15, 2006 and trial is currently set for June 12, 2006. At the time of the final pre-trial conference call, the plaintiffs had not yet submitted their final pre-trial report, as required by the Court's order of October 15, 2004. The Court finally received that report, after the defendant's pending motion had been fully briefed.

The Court will not reach the substantive merits of the matter before it. The defendant's motion is procedurally defective. The *clerk of court* enters default; this Court, once that initial step is taken, then enters default judgment. *See* Fed. R. Civ. P. 55. So, the

defendant should have first asked the clerk for an entry of default and subsequently moved this Court for default judgment. The defendant's motion is clearly directed to the Court insofar as it asks alternatively for scheduling modifications and proffers legal arguments. As such, the defendant's filing was not intended for the clerk of court.

Nevertheless, the Court understands the potential detrimental effects on the defendant occasioned by the plaintiffs' failure to file their final pre-trial report (the "report") in a timely fashion. In her "reply" to the motion for default, counsel for plaintiffs acknowledges that, during the final pre-trial conference call, she stated that she would try to submit the report "early next week"–that being the week of May 22, 2006. In fact, the Court received the report on Friday, May 26, 2006. The plaintiffs' "reply" to the defendant's motion provides reasons (e.g., sickness, logistical difficulties, unanticipated difficulties/case complexity)–albeit not even in affidavit form–why counsel failed to meet her *own self-designated* time frame.

Plaintiffs' counsel first erred by not moving the Court when she knew that she would not be able to meet Court-established deadlines. As long as such requests satisfy applicable legal standards, the Court will grant extensions. Once plaintiffs' counsel knew she would not be able to timely submit the report, she should have moved to postpone the final pre-trial conference. Even if she had not done so, she should have at least moved for an extension of time in which to file the report. The Court's deadlines always control, not those independently set by counsel. Because she did not take these simple steps, the plaintiffs were

2

forced to play catch-up while fending off the defense's motion for default and, at the same time, explaining to the Court why its deadline was ignored.

Here is how the Court will proceed. First, the Court denies the motion for default because such a request should be directed to the clerk of court. Furthermore, the impetus behind the filing of the defendant's motion was the absence of the plaintiffs' report; that deficiency has since been remedied. Second, even though the plaintiffs' report has been received, the Court will revise this action's schedule to ensure that no prejudice has accrued to the defendant. Accordingly, the present date for trial is stricken. A new final pre-trial conference is set for August 21, 2006 at 2:00 p.m., to be initiated telephonically by the Court. Trial will commence on September 18, 2006.

These modifications, however, do not begin to address the plaintiffs' disregard of the Court's order regarding the timely submission of their final pre-trial report. Counsel's late entry into this action on behalf of the plaintiffs does not excuse such a lapse. The Court will generously assume that the explanation for this conduct, found in the plaintiffs' response to the defendant's motion, was also intended to explain why the Court should receive the tardy report *instanter*. The Court puts the plaintiffs, and their counsel, on notice that its patience is not boundless. Failure in the future to comply with Court orders and deadlines may result in the entry of sanctions, dismissal, or default judgment against the plaintiffs.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The defendant's motion for default (Docket No. 19) is **DENIED**.

A pre-trial telephonic conference to be initiated by the Court will be held on August 21, 2006 at 2:00 P.M.

Trial is reset to commence on September 18, 2006 at 9:00 a.m..

Dated at Milwaukee, Wisconsin this 31st day of May, 2006.

                        **BY THE COURT**

                        s/ Rudolph T. Randa
                        **Hon. Rudolph T. Randa**
                        **Chief Judge**