# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERSOL L. HENRY and
TERRY J. LEWIS,

        Plaintiffs,

v.                                                                                  Case No.    04-C-0432

MILWAUKEE COUNTY,

        Defendant.

## DECISION AND ORDER

On May 5, 2004, the plaintiffs filed their complaint alleging that their employer, Milwaukee County, violated their constitutional rights by engaging in sexually discriminatory employment practices. The plaintiffs further allege that Milwaukee County retaliated against them when they attempted to remedy these problems. This case is currently set for trial before the Court on October 30, 2006. Pending before the Court is the defendant's motion to bifurcate, filed on May 30, 2006. The plaintiffs have not filed any response to the defendant's motion, and the time for responding permitted under this Court's local rules has passed. Thus, the Court understands the defendant's motion to be unopposed.

In the motion to bifurcate, the defendant explains that a significant number of documents and witnesses identified in the plaintiffs' pre-trial report pertains to the issue of

damages. The defendant states that "[b]ecause some damages issues may become moot or their presentation altered by the Court's rulings on liability, the amount of documentary or testimonial evidence introduced at trial may be reduced or eliminated." (Def.'s Fed. R. 42(b) Mot. to Bifurcate Trial 1.) Accordingly, the defendant suggests that the trial may be conducted more efficiently if it is separated into liability and damages phases.

Rule 42(b) of the Federal Rules of Civil Procedure states that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). The decision to bifurcate is left to the discretion of the Court. *McLaughlin v. State Farm Mut. Auto Ins. Co.*, 30 F.3d 861, 870 (7th Cir. 1994). Before ordering bifurcation, the Court must first find that separate trials would either eliminate prejudice to a party or promote judicial economy. *DeWitt, Porter, Huggett, Schumacher & Morgan v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir. 1993). Next, the Court must be satisfied that bifurcation will not unfairly prejudice the non-movant. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). The Court cannot bifurcate a trial if such action would violate the Seventh Amendment. *Id*.

The instant case is to be tried to the Court, so the plaintiffs' Seventh Amendment rights are not implicated. Insofar as the plaintiffs have not raised any objection to the

2

defendant's motion, the Court understands that they do not claim any prejudice will accrue to them as a result of bifurcation. Conversely, the defendant does not claim that it will suffer any prejudice if the scheduled trial is *not* bifurcated. Thus, the only question before this Court is whether bifurcation will promote judicial economy. The defendant, however, has failed to provide the Court with sufficient information to answer that question.

In its motion, the defendant states that "a significant number of documents and witnesses pertain to damages." Without some type of quantification or further details, the Court can do little with this bare assertion. The defendant also claims that "the amount of documentary or testimonial evidence introduced at trial *may* be reduced or eliminated." (Mot. 1) (emphasis added). Such an assertion is too speculative to satisfy the Court that bifurcation is warranted. It is always true that separating issues of liability from damages will conserve judicial resources *if a defendant prevails*. This proposition alone does not discharge the defendant's burden of showing that judicial resources will be conserved through bifurcation.

Exercising its discretion, the Court denies the defendant's motion to bifurcate. The Court, however, will entertain such a motion again if the defendant can provide a substantive explanation–something more than speculation and generalization–that bifurcation would promote judicial economy.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Defendant's Federal Rule 42(b) Motion to Bifurcate Trial (Docket No. 29) is **DENIED**.

Dated at Milwaukee, Wisconsin this 10th day of July, 2006.

                              **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**